**E-FILED on** __10/5/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MORTGAGE ACADEMY, INC., *et al.* <br><br> Defendants. | No. C-06-04343 RMW <br><br> ORDER DENYING MOTION TO REMAND <br><br> **[Re Docket No. 5]** |

Plaintiff First Franklin Financial Corporation ("FFFC") filed this suit in Santa Clara County Superior Court. Defendant Mortgage Academy, Inc. ("Mortgage") removed the action to the present court on the basis of diversity of jurisdiction. FFFC now seeks remand. Mortgage opposes the motion to remand. The court heard oral argument on the motion on September 22, 2006. The court has read the moving papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES plaintiff's motion to remand.[1]

## I. ANALYSIS

The parties do not appear to dispute that diversity of jurisdiction exists—FFFC is a citizen of California and both named defendants, Mortgage and individual defendant, Tamika Brown, are

---

[1] At oral argument the parties accepted the court's tentative ruling on the motion, which is consistent with this order.

ORDER DENYING MOTION TO REMAND—06-04343 RMW
SPT

citizens of Michigan. The amount in controversy of this breach of contract cause of action exceeds $75,000.

FFFC's motion to remand is premised on the forum selection clause in a mortgage broker agreement (the "MBA") between the parties which reads as follows:

> This Agreement shall be governed by the internal laws and not the laws regarding conflicts of laws of the state of California. Venue for any judicial proceeding under the Agreement shall be in Santa Clara County, California.

Compl., Ex. A at ¶ 1.08. FFFC asserts that because California state courts are organized by county while federal courts are organized by district, this clause establishes that venue shall be only in Santa Clara County Superior court. In opposition, Mortgage argues that the clause is too ambiguous to be construed as a waiver of its substantive right to proceeding in federal court. Mortgage also contends that the ambiguity should be construed against the drafter, FFFC.[2]

FFFC relies primarily on two cases in support of its position: *Docksider, Ltd. v. Sea Techs.*, 875 F.2d 762, 764 (9th Cir. 1989) and *Hunt Wesson Food, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987). In *Docksider*, the agreement stated "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d at 764. The Ninth Circuit found this venue selection clause to intend that the place of suit lies exclusively within the designated county. *Id.* Therefore, "whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted *in Virginia*." *Id.* (emphasis added). Although the court also noted that the agreement mandated jurisdiction with the state courts of Virginia, it did not rely upon the venue selection clause and its reference to "county" as indication of consent to state courts. Rather, the Ninth Circuit indicated the parties separately consented to jurisdiction of the state courts of Virginia. *See id.* ("Docksider not only consented to jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia."). Therefore, FFFC's reliance upon *Docksider* as holding that consent to venue in a particular "county" constitutes consent only to venue in state court is misplaced.

---

[2] Mortgage appears to also state in passing that the contract is one of adhesion, but does not otherwise proffer any legal argument to support why it should not be enforced.

ORDER DENYING MOTION TO REMAND—06-04343 RMW
SPT                                                                                                          2

1  *Hunt* is similarly distinguishable.  In *Hunt*, the clause at issue stated the "courts of California, 2 County of Orange, shall have jurisdiction over the parties in any action at law . . . ."  817 F.2d at 76. 3 The court concluded that the "Orange County courts" have jurisdiction. *Id.* at 77.  Thus, the 4 defendant could not object to litigation in the Orange County Superior Court.  Notably, the Ninth 5 Circuit did not interpret the clause to mean that *only* the Orange County Superior Court had 6 jurisdiction—rather, the courts geographically located in Orange County, including the superior 7 court, had jurisdiction.

8  In *Merrell v. Renier*, 2006 WL 1587414, *1 (W.D. Wash. June 6, 2006), the court concluded 9 that a forum selection clause similar to the one here did not bar defendant's removal of the action to 10 federal court.  In *Merrell*, the forum selection clause stated "venue . . . will reside in the United 11 States and in the county of residence of the non-breaching party."  The court held that the clause did 12 not limit venue to the superior court in the plaintiff's county of residence.  The court reasoned that 13 the concept of "venue" refers to location of the events giving rise to the action, not to the location of 14 a particular court.  *See* 28 U.S.C. § 1391(a)(2) (A plaintiff may lay venue in "a judicial district in 15 which a substantial part of the events or omissions giving rise to the claim occurred.").  In addition, 16 the court noted that dictionary definitions of "venue" support a conclusion that the federal court is a 17 proper venue.  *See Black's Law Dictionary* 1591 (8th ed. 2004) (defining "venue" variously as "[t]he 18 proper or possible place for a lawsuit to proceed," and "[t]he county or other territory over which a 19 trial court has jurisdiction").

20  The court's reasoning in *Merrell* is applicable here.  The forum selection clause requires 21 venue to be "*in* Santa Clara County, California," not in a particular court in Santa Clara County, 22 California.  The court finds that the only sensible reading of the paragraph 1.08 of the MBA supports 23 venue in any court geographically located in Santa Clara County.  Moreover, FFFC has not offered 24 any case law supporting that a reference to "county" in a forum selection clause is interpreted as 25 consent to only state court.  To the extent the forum selection clause is ambiguous as Mortgage 26 argues, it must be rejected to the extent it does not clearly designate a particular forum as the 27 exclusive venue.  *See Merrell*, 2006 WL 1587414, *3 (citing *N. Cal. Dist. Council of Laborers v.* 28 *Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)) (Under Ninth Circuit law, the

ORDER DENYING MOTION TO REMAND—06-04343 RMW
SPT                                                                      3

court is not empowered to interpret an ambiguous forum selection clause, it must reject it to the extent it does not "clearly designate" a particular forum as the exclusive venue.).

## II. ORDER

For the foregoing reasons, the court DENIES plaintiff's motion to remand.

DATED:     10/5/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiffs:**

3  Brian H. Gunn              bhgunn@wolfewyman.com

4  Eric M. Schiffer           emschiffer@wolfewyman.com

5  **Counsel for Defendants:**

6  Ronald D. Rosengarten
   Rosengarten & Leven, LLP
7  23801 Calabasas Road
   Suite 1015
8  Calabasas, CA 91302

9
   Counsel are responsible for distributing copies of this document to co-counsel that have not
10 registered for e-filing under the court's CM/ECF program.

11

12  **Dated:**      10/5/06                              SPT
                                                  **Chambers of Judge Whyte**
13

ORDER DENYING MOTION TO REMAND—06-04343 RMW
SPT                                            5