**E-FILED on**   12/18/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MORTGAGE ACADEMY, INC., *et al.*<br><br>Defendants. | No. C-06-04343 RMW<br><br>ORDER DENYING MOTION TO CHANGE VENUE AND ASSIGNING CASE TO MAGISTRATE JUDGE FOR ALL PURPOSES<br><br>**[Re Docket No. 12]** |

    Mortgage Academy, Inc. ("Mortgage") moves, pursuant to 28 U.S.C. § 1404(a), for change of venue to the Eastern District of Michigan. First Franklin Financial Corporation ("FFFC") opposes Mortgage's motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES without prejudice defendant's motion for change of venue to the Eastern District of Michigan.

# I. BACKGROUND

On October 5, 2006 this court denied FFFC's motion to remand this action to Santa Clara County Superior Court on the basis that the forum selection clause in the relevant contract between the parties, as then argued by defendant Mortgage, only limited the action to courts located in Santa Clara County, whether federal or state. Having successfully resisted remand, Mortgage now asserts the action should be transferred to the Eastern District of Michigan.

The present action arises out of loans by FFFC, a citizen of California, to Tamika Brown ("Brown") totaling approximately $700,000. Compl. ¶ 6. Defendant Mortgage, a citizen of Michigan, "brokered" the transaction pursuant to a mortgage broker agreement (the "MBA") between Mortgage and FFFC. *Id.* ¶ 3. The loan was secured by a deed of trust on real property located in Michigan. *Id.* ¶ 7.

Although not alleged in the complaint, Mortgage submits that Brown defaulted on the loan and filed for voluntary bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code. Brown was forced to surrender the property to FFFC. After foreclosure proceedings on the property, FFFC filed the present action against Mortgage seeking the deficiency between the amount received in foreclosure and the outstanding balance of the loan.

FFFC's action is premised on its allegations that the loan package submitted by Mortgage on behalf of Brown contains several misrepresentations in breach of the MBA. FFFC's complaint alleges breach of the MBA, intentional and negligent misrepresentation, and indemnity. A forum selection clause in the MBA between the parties reads as follows:

> This Agreement shall be governed by the internal laws and not the laws regarding conflicts of laws of the state of California. Venue for any judicial proceeding under the Agreement shall be in Santa Clara County, California.

Compl., Ex. A at ¶ 1.08; Order Denying Motion to Remand Dated October 5, 2006 at 2.

On October 11, 2006 Brown was dismissed from this action pursuant to FFFC's notice of voluntary dismissal of Brown without prejudice. *See* Docket No. 16. FFFC submits that one of the reasons it dismissed Brown is that she cannot be located for service. Brian H. Gunn Decl. Supp. Opp. Mot. Tfr., ¶¶ 3-6.

## II. ANALYSIS

Mortgage argues that transfer is warranted because all defendants are in Michigan, the real property securing the loans is in Michigan, witnesses are in Michigan, and the bankruptcy court which administered Brown's bankruptcy proceedings, including the surrender of the property to FFFC, are located in Michigan. In opposition, FFFC argues (1) that the action is limited to a contractual matter that does not involved the Michigan citizens referred to in Mortgage's motion, other than Mortgage; (2) that Mortgage has not made a sufficient showing to overcome the presumption of appropriate venue that attaches to a forum selection clause; and (3) that the action is based on a breach of the MBA, which provides that the agreement "shall be governed by the internal laws and not the laws regarding conflicts of laws of the state of California."

"[Section] 1404(a), governs the decision whether to give effect to the parties' forum-selection clause." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A motion to transfer under § 1404(a) . . . calls on the district court to weigh in the balance a number of case-specific factors." *Stewart*, 487 U.S. at 29. The existence of a forum selection clause is a significant factor in the court's § 1404(a) analysis. *Id.* Under Ninth Circuit law, there are a number of additional factors relevant to a district court's exercise of discretion under § 1404(a):

> Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. . . . We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones v. GNC Franchising, Inc.*, 211 F.3d at 498-99. A plaintiff's choice of forum is given substantial weight. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The court considers these factors in light of the present action.

1    As an initial matter, the existence of the forum selection clause weighs strongly in favor of FFFC. Further, all of FFFC's claims are state law claims. Since the contract expressly provides that the laws of California shall govern, California's interest in providing a forum for adjudicating tort and contract claims arising from a contract subject to its laws and involving a local resident weighs in favor of FFFC. *Cf. Jones*, 211 F.3d at 499 (noting "California's strong public policy to provide a protective local forum for local franchisees").

The first factor in *Jones* appears neutral as the parties do not argue whether the actual negotiations and execution of the MBA took place in either California or Michigan (or both). The second and third factors set forth in *Jones* weigh strongly in favor of FFFC. As noted above, all of FFFC's claims are state law claims. This court is more familiar with the laws of the state of California, which govern the MBA, than the Eastern District of Michigan. Plaintiff choice of forum is California as it filed the present action in California.

The fourth and fifth factors, on balance, do not weigh heavily in favor of either party. The MBA signed between the parties states that FFFC's principal place of business is in San Jose, California. Compl., Ex. A at ¶ 1.09(f). Although Mortgage argues that FFFC has a Michigan office, as FFFC notes, a provision in the MBA directs that notices to FFFC be made to the attention of FFFC's offices in San Jose, California. Mortgage entered into the agreement knowing that it was dealing with a California company. The central subject matter of the action appears to be Mortgage's alleged breach of the MBA which is also at least one source of Mortgage's contacts with California. Because the MBA provides that the laws of California shall govern the agreement, the subject matter of the litigation has a strong relationship to California. Although neither party has argued that Mortgage has other contacts with California, whether or not related to the present action, it is Mortgage's burden to show that the balance weighs in its favor. *See Decker Coal Co.*, 805 F.2d at 843 (noting that a defendant seeking transfer must make a showing that the factors weigh in favor of transfer upsetting plaintiff's choice of forum). Mortgage has pointed out that appraisal testimony will be involved in the case, and the appraisers will undoubtedly be from Michigan and basing their testimony on land values and economic considerations in Michigan. However, this fact is not enough to upset plaintiff's choice or the forum selection clause.

ORDER DENYING MOTION TO CHANGE VENUE AND ASSIGNING CASE TO MAGISTRATE JUDGE FOR ALL PURPOSES—06-04343 RMW
SPT                                         4

Similarly, the court concludes that defendant has not shown that the sixth or seventh factor weigh significantly in its favor. The arguments presented by defendant, namely that Brown is a citizen of Michigan, the foreclosed property is located in Michigan, Brown's bankruptcy proceeding took place in Michigan, and Mortgage is a citizen of Michigan and is a "small, local business" do not suffice to outweigh the forum selection clause and the other factors that weigh in favor of FFFC. Although Mortgage may be a local business, that fact did not preclude it from entering into an agreement with a California company, or executing an agreement with a provision designating the governing laws to be those of the state of California and venue to be in Santa Clara County. Mortgage's argument that it would be cost prohibitive for witnesses residing in Michigan to testify in California is not persuasive based upon Mortgage's showing to date, and does not overcome the factors that weigh in favor of keeping the action in California. It appears that there will be witnesses from both Michigan and California. Brown cannot be located and, therefore, her status as a witness is doubtful. As noted above, FFFC has dismissed Brown as a defendant because it has not been able to locate her. Thus, it appears that the ability to compel Brown to testify, should her testimony be relevant, is no different whether the case is tried in Michigan or California. In addition, based on the nature of the present action—allegations of breach of a contract between FFFC and Mortgage and alleged misrepresentations by Mortgage—it is not clear that Brown's testimony will be critical even if she is located, or that her bankruptcy proceedings in Michigan are relevant other than the apparently undisputed fact that the real property at issue was surrendered to FFFC in the proceeding. Mortgage's argument that whether Brown made misrepresentations to it is relevant to whether FFFC can prevail on its claims may or may not prove to be the case. Mortgage's argument that the claims of the present action necessarily depend upon the bankruptcy court's finding of fraud on Brown's part is not dispositive since the present action is against Mortgage and arises out of the contract with Mortgage, not Brown.

To the extent any planned expert witness, including those knowledgeable of the real estate market in Michigan, is a resident of Michigan and has to travel to California to testify, such a factor is not given great weight in this analysis. *See AV Media, Pte, Ltd. v. OmniMount Sys., Inc.*, 2006 WL 2850054, *4 (N.D. Cal. 2006) (JSW) ("The convenience of expert witnesses, however, is given

ORDER DENYING MOTION TO CHANGE VENUE AND ASSIGNING CASE TO MAGISTRATE JUDGE FOR ALL PURPOSES—06-04343 RMW
SPT                                                        5

little weight when determining venue.") (citation and quotations omitted).  Similarly, any argument by Mortgage that it would be inconvenient for its employees to travel to California to testify is given little weight.  *See id.* at *3 (The convenience of [defendant]'s party witnesses is entitled to little weight because the witnesses are employees of the party seeking transfer, and [defendant] will be able to compel their testimony at trial.").  In any event, neither party has informed the court that there are *unwilling* witnesses whose testimony is necessary in this action.

The eighth factor, access to evidence, weighs somewhat in favor of transfer.  Mortgage argues that Brown's loan application was made in Michigan.  Presumably, Brown's loan files are located at Mortgage's offices in Michigan.  These files are likely relevant to issues raised by FFFC's action, including, for example, its assertion of intentional misrepresentation.  Nevertheless, this is not enough to justify transfer.  On balance, the court finds that the relevant factors weigh in favor of denying Mortgage's motion for change in venue.[1]  The denial is without prejudice to a later showing that most, if not all, necessary witnesses and evidence for trial is located in Michigan and can only be effectively presented if trial is held in Michigan.

### III.  ASSIGNMENT TO MAGISTRATE JUDGE

In their Joint Case Management Statement, the parties stated that they "have already consented to assignment of this case to a United States Magistrate Judge for trial."  ¶ 7 of Joint Case Management Statement dated October 27, 2006 [Docket No. 21].  Therefore, the case is assigned to Magistrate Judge Patricia Trumbull and the parties are directed to forthwith contact her chambers to set a date and time for the initial case management conference.  The parties are to sign the court's form order consenting to trial by the magistrate judge if they have not already done so.

---

[1] Mortgage also asserts that the forum selection clause is "ambiguous and unclear" and contained in "a boiler-plate adhesion agreement" but provides no facts to support such a claim.

ORDER DENYING MOTION TO CHANGE VENUE AND ASSIGNING CASE TO MAGISTRATE JUDGE FOR ALL PURPOSES—06-04343 RMW
SPT                                                                 6

**IV.  ORDER**

For the foregoing reasons, the court DENIES without prejudice defendant's motion for change of venue to the Eastern District of Michigan.  The court also assigns the case for all purposes to Magistrate Judge Patricia Trumbull.

DATED:     12/18/06                              *Ronald M Whyte*
                                                  RONALD M. WHYTE
                                                  United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Brian H. Gunn           bhgunn@wolfewyman.com

Eric M. Schiffer        emschiffer@wolfewyman.com

**Counsel for Defendants:**

Ronald D. Rosengarten
Rosengarten & Leven, LLP
23801 Calabasas Road
Suite 1015
Calabasas, CA 91302

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   12/18/06                                          SPT
                                                **Chambers of Judge Whyte**

ORDER DENYING MOTION TO CHANGE VENUE AND ASSIGNING CASE TO MAGISTRATE JUDGE FOR ALL PURPOSES—06-04343 RMW
SPT                                                       8